**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **LAUREN WEDDELL**, an individual, | **CIVIL ACTION** |
| Plaintiff, | **Case No.  6:26-cv-294** |
| v. | **Judge:** |
| **FIRSTSERVICE RESIDENTIAL, INC.**, a Delaware corporation, | **Mag. Judge:** |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, LAUREN A. WEDDELL ("WEDDELL" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII), Americans with Disabilities Act (ADA), and Florida Civil Rights Act (FCRA) for (1) race discrimination in violation of Title VII, (2) race discrimination in violation of the FCRA, (3) color discrimination in violation of Title VII, (4) color discrimination in violation of the FCRA, (5) sex discrimination in violation of Title VII, (6) sex discrimination in violation of the FCRA, (7) retaliation in violation of Title VII, (8) retaliation in violation of

1

the FCRA, (9) disability discrimination in violation of the ADA, (10) disability discrimination in violation of the FCRA, (11) retaliation in violation of the ADA, and (12) retaliation in violation of the FCRA.

## PARTIES

2. The Plaintiff, LAUREN A. WEDDELL ("WEDDELL") is an individual who at all material times resided in Pinellas County, Florida and who worked for the Defendant in Volusia County, Florida.

3. Defendant, FIRSTSERVICE RESIDENTIAL, INC. ("Defendant") is a Delaware corporation that employed WEDDELL in Volusia County, Florida. The Defendant was WEDDELL's employer. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because some or all of the events giving rise to Plaintiff's claims occurred in Volusia County, Florida, which is within the Middle District of Florida. Venue is proper in the Orlando Division since Volusia County is within the Orlando Division.

6. WEDDELL received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on November 18, 2025 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.)

## GENERAL ALLEGATIONS

7. WEDDELL was employed by the Defendant as an Executive Sous Chef and began her employment with the Defendant on or about April 23, 2023 at the Latitude Margaritaville property in Panama City Beach, Florida.

8. WEDDELL performed all of the essential functions of her position, receiving excellent performance reviews and accolades, including a 5-star evaluation in February 2025, national recognition as one of 5 "Women in Leadership" for FirstService Residential in March 2025, a 4% merit wage increase in April 2025, and record-breaking profits in May 2025.

9. WEDDELL is a Black, African-American female.

10. WEDDELL suffers from a disability as defined under the Americans with Disabilities Act and was a qualified person with a disability, and thus a member of a protected class.

11. WEDDELL's disability impacts major life activities.

12. WEDDELL was very well qualified for her position despite her disability.

13.     In July 2024, WEDDELL began reporting sexist remarks and unequal treatment in writing to HR and management.

14.     WEDDELL filed an unresolved HR complaint concerning sexist conduct by her supervisor in July 2024.

15.     Only three weeks after filing this complaint, WEDDELL was offered a transfer from Panama City Beach to Daytona Beach, which occurred on or about September 6, 2024.

16.     During WEDDELL's employment at the Daytona Beach location, her supervisors included Brett Wilson (White male, Director of Operations), Steve Contes (White male, General Manager), and Sean Winton (White male, Food and Beverage Manager hired in May 2025).

17.     WEDDELL took approved FMLA leave from April 21, 2025 through May 5, 2025 for treatment related to her ADA disability. During this leave, she was improperly required to work from home or deliver products on 9 days and was locked out of company email for nearly a month yet still expected to manage operations.

18.     Mr. Winton began employment on May 5, 2025, the day WEDDELL returned from her approved FMLA leave.

19.     On or about May 13, 2025, WEDDELL's physician increased her prescribed medication due to the impact of work-related symptoms.

4

20.  On or about May 16, 2025, WEDDELL disclosed her ADA disability to HR representative Mayra Neilly and informed her that the discriminatory environment at the Daytona property was worsening her symptoms. Ms. Neilly responded with positive support and offered to help.

21.  On or about May 22, 2025, WEDDELL met with Mr. Wilson regarding double standards in treatment compared to her white colleagues and requested temporary accommodation. He told her that was something she would need to "deal with on [her] own." In the same meeting, he added, "I can't imagine what it's like to be a woman in the industry."

22.  On or about May 23, 2025, Mr. Contes initiated a last-minute group text at approximately 8:00 a.m. with male managers (Brett Wilson, Sean Winton, and Kevin Middleton) changing the time of a major event from 3:00 p.m. to noon. Mr. Winton did not notify WEDDELL until 11:00 a.m. As Executive Chef responsible for the event, WEDDELL was deliberately excluded from the text chain, making the change impossible to prep and execute successfully. When WEDDELL asked Mr. Winton why she was excluded, she was told that she did not need to ask questions and to "just do it." This exclusion reflected ongoing gender-based disparate treatment, where male colleagues were included in critical communications while WEDDELL was marginalized despite having primary responsibility.

23. On or about May 27, 2025, after three days off, Defendant, through Mr. Contes, presented WEDDELL with a Mutual Separation Agreement and used repayment of her relocation package as leverage, with Mr. Winton present. When WEDDELL asked what would happen if she did not resign, Mr. Contes said it would be "painful" and that she would be placed on a Performance Improvement Plan ("PIP"), then listed vague and provably inaccurate reasons. WEDDELL understood this as a retaliatory attempt to force her resignation only weeks after returning from FMLA leave and days after disclosing her ADA disability. The use of the word "painful" was particularly distressing and worsened WEDDELL's ADA-related symptoms. WEDDELL declined to resign.

24. On or about June 4, 2025, Mr. Wilson presented WEDDELL with a PIP in a meeting with Ms. Neilly and Mr. Winton present. The allegations were false and pretextual and did not include the issues raised during the May 27, 2025, meeting with Mr. Contes. WEDDELL refused to sign. During this meeting, Mr. Winton stated that WEDDELL "enjoy[s] miscommunications so [she] can be mad later" and that she had a "negative mindset," which he claimed justified the PIP.

25. Defendant treated WEDDELL more harshly for her demeanor than similarly situated white peers. WEDDELL was closely scrutinized for facial expressions and "tone," while white female managers, including a group

commonly referred to by Mr. Wilson as the "Mean Girls," engaged in unprofessional conduct such as yelling, using profanity toward leadership, storming out of meetings, crying, and publicly disparaging colleagues without facing discipline.

26.     Immediately after the June 4, 2025, meeting, WEDDELL privately spoke with Ms. Neilly and reported the gender-based disparate treatment and its worsening impact on her disability. Ms. Neilly apologized, stated she had not known the PIP was being issued, and remarked that she "didn't know why they keep doing this to people." She further acknowledged that she and senior HR was aware of a "boys' club" culture and advised WEDDELL to escalate to Sherry Jones, HR Director (Central Florida) and Sybrandt Windell, Vice President, Master-Planned Communities & Developer Relations.

27.     On the morning of June 10, 2025, WEDDELL emailed Ms. Jones and corporate executive Sybrandt Windell, who had personally recruited her to the Daytona position and often acted as a point of support, reporting exclusion from communications, disproportionate scrutiny compared to peers, coercive resignation attempts by three male supervisors, and gender-based disparate treatment. WEDDELL requested review and intervention. She received no response and no action was taken.

28.     Brett Wilson resigned from employment less than one month after WEDDELL's separation.

29.      Due to Defendant's failure to take swift and appropriate action to cease the discrimination, harassment and retaliation, WEDDELL was forced to constructively discharge herself from employment on or about June 11, 2025. Defendant's continuous and ongoing harassment exacerbated WEDDELL's ADA disability.

30.      At all material times, the Defendant was aware of WEDDELL's race, color, sex, disability and her complaints regarding violations of Title VII and the FCRA, her disclosure of her disability, and her use of FMLA leave, which are the bases for its discriminatory and retaliatory employment practices toward her.

## COUNT I - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RACE DISCRIMINATION

31.      Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

32.      WEDDELL is Black, African-American and as such, is a member of a protected class.

33.      At all material times, WEDDELL was an employee, and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e.

34.      WEDDELL was, and is, qualified for the positions that she held with the Defendant.

35.    WEDDELL has endured disparate treatment while employed with the Defendant based on her race, thereby altering the terms and conditions of her employment.

36.    The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of WEDDELL's race in violation of Title VII.

37.    As a direct and proximate result of the violations of Title VII, WEDDELL has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

38.    As a direct and proximate result of the violations of Title VII as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, WEDDELL is entitled to all relief necessary to make her whole as provided for under Title VII.

39.    As a direct and proximate result of the Defendant's actions, WEDDELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

40.    WEDDELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, RACE DISCRIMINATION

41.     Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

42.     WEDDELL is Black, African-American and as such, is a member of a protected class.

10

43.     At all material times, WEDDELL was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

44.     WEDDELL was, and is, qualified for the positions that she held with the Defendant.

45.     WEDDELL has endured disparate treatment while employed with the Defendant based on her race, thereby altering the terms and conditions of her employment.

46.     The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of WEDDELL's race in violation of the FCRA.

47.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, WEDDELL has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

48.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, WEDDELL is entitled to all relief necessary to make her whole as provided for under the FCRA.

49.     As a direct and proximate result of the Defendant's actions, WEDDELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and

11

fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

50.      WEDDELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT III - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, COLOR DISCRIMINATION

51.     Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

52.     WEDDELL is Black, African-American and as such, is a member of a protected class.

53.     At all material times, WEDDELL was an employee, and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e.

54.     WEDDELL was, and is, qualified for the positions that she held with the Defendant.

55.     WEDDELL has endured disparate treatment while employed with the Defendant based on her color, thereby altering the terms and conditions of her employment.

56.     The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of WEDDELL's color in violation of Title VII.

57.     As a direct and proximate result of the violations of Title VII, WEDDELL has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

13

58.     As a direct and proximate result of the violations of Title VII as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, WEDDELL is entitled to all relief necessary to make her whole as provided for under Title VII.

59.     As a direct and proximate result of the Defendant's actions, WEDDELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

60.     WEDDELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT IV - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, COLOR DISCRIMINATION

61. Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

62. WEDDELL is Black, African-American and as such, is a member of a protected class.

63. At all material times, WEDDELL was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

64. WEDDELL was, and is, qualified for the positions that she held with the Defendant.

65. WEDDELL has endured disparate treatment while employed with the Defendant based on her color, thereby altering the terms and conditions of her employment.

66. The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of WEDDELL's color in violation of the FCRA.

15

67. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, WEDDELL has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

68. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, WEDDELL is entitled to all relief necessary to make her whole as provided for under the FCRA.

69. As a direct and proximate result of the Defendant's actions, WEDDELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

70. WEDDELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT V - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEX DISCRIMINATION

71.  Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

72.  WEDDELL is female and as such, is a member of a protected class.

73.  At all material times, WEDDELL was an employee, and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e.

74.  WEDDELL was, and is, qualified for the positions that she held with the Defendant.

75.  WEDDELL has endured disparate treatment while employed with the Defendant based on her sex, thereby altering the terms and conditions of her employment.

76.     The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of WEDDELL's sex in violation of Title VII.

77.     As a direct and proximate result of the violations of Title VII, WEDDELL has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

78.     As a direct and proximate result of the violations of Title VII as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, WEDDELL is entitled to all relief necessary to make her whole as provided for under Title VII.

79.     As a direct and proximate result of the Defendant's actions, WEDDELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

80.     WEDDELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her

18

position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT VI - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, SEX DISCRIMINATION

81.   Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

82.   WEDDELL is female and as such, is a member of a protected class.

83.   At all material times, WEDDELL was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

84.   WEDDELL was, and is, qualified for the positions that she held with the Defendant.

19

85.     WEDDELL has endured disparate treatment while employed with the Defendant based on her sex, thereby altering the terms and conditions of her employment.

86.     The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of WEDDELL's sex in violation of the FCRA.

87.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, WEDDELL has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

88.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, WEDDELL is entitled to all relief necessary to make her whole as provided for under the FCRA.

89.     As a direct and proximate result of the Defendant's actions, WEDDELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

90.     WEDDELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT VII - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

91.    Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

92.    WEDDELL is Black, African-American, female and, as such, is a member of protected classes.

93.    At all material times, WEDDELL was an employee, and the Defendant was her employer covered by and within the meaning of Title VII.

94.    WEDDELL was qualified for the positions that she held with Defendant.

95.    WEDDELL endured continuous race-based, color-based, and sex-based harassment, disparate treatment and inappropriate threats on her employment while employed with Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after WEDDELL complained, caused the separation of her employment with Defendant.

96.    WEDDELL complained to Defendant about the race-based, color-based, and sex-based harassment, hostile environment, violation of policies and retaliation, and the Defendant clearly observed her growing discomfort concerning the same.

97.    WEDDELL's complaints constitute a protected activity because her complaints were concerning an unlawful activity of Defendant.

98.    Said protected activity was the proximate cause of Defendant's negative employment actions against WEDDELL.

99.    Instead of preventing said treatment, Defendant retaliated against WEDDELL.

100.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of Title VII.

101.     As a direct and proximate result of the violations of Title VII, WEDDELL has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

102.     As a direct and proximate result of the violations of Title VII, and as a direct and proximate result of the prohibited acts perpetrated against her, WEDDELL is entitled to all relief necessary to make her whole as provided for under Title VII.

103.     As a direct and proximate result of Defendant's actions, WEDDELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

104.     WEDDELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her

23

position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Punitive damages;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT VIII - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

105.     Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

106.     WEDDELL is Black, African-American, female and, as such, is a member of protected classes.

107.     At all material times, WEDDELL was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

108.     WEDDELL was qualified for the positions that she held with Defendant.

24

109. WEDDELL endured continuous race-based, color-based, and sex-based harassment, inappropriate discipline, disparate treatment and inappropriate threats on her employment while employed with Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after WEDDELL complained, caused the separation of her employment with the Defendant.

110. WEDDELL complained to Defendant about the race-based, color-based, and sex-based harassment, hostile environment, violation of policies and retaliation, and the Defendant clearly observed her growing discomfort concerning the same.

111. WEDDELL's complaints constitute a protected activity because her complaints were concerning an unlawful activity of Defendant.

112. Said protected activity was the proximate cause of Defendant's negative employment actions against WEDDELL.

113. Instead of preventing said treatment, Defendant retaliated against WEDDELL.

114. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

115. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, WEDDELL has lost all of the benefits and

privileges of her employment and has been substantially and significantly injured in her career path.

116.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, WEDDELL is entitled to all relief necessary to make her whole as provided for under the FCRA.

117.     As a direct and proximate result of Defendant's actions, WEDDELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

118.     WEDDELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Punitive damages;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT IX - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

119.    Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

120.    At all relevant times, WEDDELL was an individual with a disability within the meaning of the ADA.

121.    Specifically, WEDDELL has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment.

122.    WEDDELL is a qualified individual as that term is defined in the ADA.

123.    At all material times, WEDDELL was an employee, and the Defendant was her employer covered by and within the meaning of the ADA.

124.    WEDDELL has disabilities, which qualify under the ADA.

27

125.    Defendant discriminated against WEDDELL with respect to the terms, conditions, and privileges of employment because of her disabilities.

126.    Defendant conducted itself with malice or with reckless indifference to WEDDELL's federally protected rights.

127.    Defendant discriminated against WEDDELL in violation of the ADA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

128.    The conduct of Defendant altered the terms and conditions of WEDDELL's employment and WEDDELL suffered negative employment action in the form of discipline and constructive discharge.

129.    As a direct and proximate result of the violations of the ADA, as referenced and cited herein, WEDDELL has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

130.    As a direct and proximate result of the violations of the ADA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, WEDDELL is entitled to all relief necessary to make her whole.

131.    As a direct and proximate result of the Defendant's actions, WEDDELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and

fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

132.    WEDDELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT X - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT-DISABILITY DISCRIMINATION

133. Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

134. At all relevant times, WEDDELL was an individual with a disability within the meaning of the FCRA.

135. Specifically, WEDDELL has impairments that would substantially limit one or more major life activities and bodily functions and has a record of the impairment.

136. WEDDELL is a qualified individual as that term is defined in the FCRA.

137. At all material times, WEDDELL was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

138. WEDDELL has disabilities, which qualify under the FCRA.

139. Defendant discriminated against WEDDELL with respect to the terms, conditions, and privileges of employment because of her disabilities.

140. Defendant conducted itself with malice or with reckless indifference to WEDDELL's protected rights under Florida law.

141. Defendant discriminated against WEDDELL in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

30

142.    The conduct of the Defendant altered the terms and conditions of WEDDELL's employment and WEDDELL suffered negative employment action in the form of discipline and constructive discharge.

143.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, WEDDELL has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

144.    As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, WEDDELL is entitled to all relief necessary to make her whole.

145.    As a direct and proximate result of the Defendant's actions, WEDDELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

146.    WEDDELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

### **COUNT XI - VIOLATION OF THE ADA- RETALIATION**

147. Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

148. Following WEDDELL's disclosure of her disability, requests for reasonable accommodations, use of FMLA leave, and objections to disability discrimination, Defendant retaliated by altering the terms and conditions of her employment by constructively discharging WEDDELL.

149. Said protected activity was the proximate cause of Defendant's negative employment actions against WEDDELL including changed working conditions, discipline, and ultimately constructive discharge.

150. Instead of ceasing its discrimination, Defendant retaliated against WEDDELL via changed working conditions, discipline, and constructive discharge.

151. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

152. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, WEDDELL has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

153. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, WEDDELL is entitled to all relief necessary to make her whole as provided for under the ADA.

154. As a direct and proximate result of Defendant's actions, WEDDELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

155.     WEDDELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT XII - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

156.     Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

34

157.    Following WEDDELL's disclosure of her disability, requests for reasonable accommodations, use of FMLA leave, and objections to disability discrimination, Defendant retaliated by altering the terms and conditions of her employment by constructively discharging WEDDELL.

158.    Said protected activity was the proximate cause of Defendant's negative employment actions against WEDDELL including changed working conditions, discipline, and ultimately constructive discharge.

159.    Instead of ceasing its discrimination, Defendant retaliated against WEDDELL via changed working conditions, discipline, and constructive discharge.

160.    The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

161.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, WEDDELL has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

162.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, WEDDELL is entitled to all relief necessary to make her whole as provided for under the FCRA.

163.    As a direct and proximate result of Defendant's actions, WEDDELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

164.    WEDDELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, LAUREN WEDDELL, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: February 5, 2026    **s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

37